UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JONATHAN SINGER, et al.,                            :
                                         Petitioners,:
                                                     :          21 Civ. 10916 (LGS)
               -against-                             :
                                                     :          **ORDER**
ALAN ETT,                                            :
                                         Respondent.:
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 20, 2021, Petitioners commenced this action, seeking a

permanent stay as to themselves of the arbitration proceedings (the "Arbitration") pending in

California against Petitioners as well as non-movants Spirit Music Collective, LLC ("SMC").

(Dkt. No. 1.)

WHEREAS, on February 2, 2022, Respondent filed an Answer asserting five affirmative

defenses:  (1) Petitioners fail to state a claim upon which relief can be granted, (2) the Court

lacks personal jurisdiction over Respondent, (3) venue is improper under 28 U.S.C. § 1391(b),

(4) Petitioners' claims are barred by the doctrine of unclean hands and (5) Petitioners' claims are

barred by the doctrines of estoppel or waiver.  (Dkt. No. 8.)

WHEREAS, on March 7, 2022, Petitioners filed a motion seeking a permanent stay as to

themselves of the Arbitration; on March 21, 2022, Respondent filed his opposition; and on

March 28, 2022, Petitioners filed their reply.  (Dkt. Nos. 16-24.)  The parties addressed in their

submissions several of the affirmative defenses but did not discuss fully or cite any law

regarding venue.

WHEREAS, whether venue is "improper" is generally governed by 28 U.S.C. § 1391.

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55-56 (2013).  Pursuant

to 28 U.S.C. § 1391(b), "[a] civil action may be brought in -- (1) a judicial district in which any

defendant resides, if all defendants are residents of the State in which the district is located; (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any

judicial district in which any defendant is subject to the court's personal jurisdiction with respect

to such action."  28 U.S.C. § 1391(b).

WHEREAS, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is

filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest

of justice, transfer such case to any district or division in which it could have been brought."  28

U.S.C. § 1406(a).

WHEREAS, on July 7, 2022, the Court ordered the parties to show cause, in writing, by

July 15, 2022, why venue is proper in this district or why this action should not be (1) transferred

to the Central District of California or (2) dismissed.

WHEREAS, on July 15, 2022, both parties timely filed letters in response to the Court's

July 7, 2022, Order.  Petitioners argue that venue is proper because a substantial part of the

events or omissions giving rise to the action occurred in New York -- including Petitioner

Singer's presence in New York while negotiating the agreements at issue and committing the

allegedly tortious acts, and Spirit's and Lyric's headquarters being in New York during the

alleged copyright infringement.  (*See* Dkt. No. 30.)  Respondent contends that venue is improper

and argues for dismissal, or in the alternative, transfer pursuant to 28 U.S.C. § 1406(a).  (*See*

Dkt. No. 31.)  It is hereby

2

**ORDERED** that, for substantially the reasons stated in Respondent's letter, this action is

**TRANSFERRED** to the U.S. District Court for the Central District of California.  Venue is

improper under 28 U.S.C. § 1391(b)(1) because Respondent does not reside in this judicial

district but instead is domiciled in Los Angeles, California, which is in the federal judicial

district of the Central District of California.  Venue also is improper under § 1391(b)(2) because

a substantial part of the events did not occur in New York.  The sole relief sought in this action is

a stay of the Arbitration that Respondent commenced in Los Angeles, California.  The

Arbitration purports to arise out of an employment agreement between Respondent and SMC,

which Respondent entered into in California.  SMC's principal place of business is in Los

Angeles, California.  The employment agreement contains an arbitration clause, which requires

that any arbitration proceed in Los Angeles, California.  The employment agreement also

contains a California choice of law provision and requires that "[s]ubject to Section 8(g)," the

relevant arbitration clause, "any action to enforce this agreement and/or the exhibits hereto must

be brought in . . . a court situated in the City of Los Angeles, California, or the Southern District

of California."  (*See* Dkt. No. 30 at 1-2.)

The Clerk of Court is respectfully directed to transfer this case to the U.S. District Court

for the Central District of California.

Dated:  July 20, 2022
          New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3